## Commonwealth v. Matthews

*John Lackatos, assistant district attorney,* for the Commonwealth.
*Michael Nahas,* for defendant.

DAUER, *J.,* February 27, 1996—Defendant, Michael Darryl Matthews, was charged with single counts of possession of a controlled substance, 35 P.S. §780-113(a)(16), and possession of drug paraphernalia, 35 P.S. §780-113(a)(32). The charges arose from an incident leading to his arrest by the McKees Rocks police on October 31, 1994.

At the time of trial on September 20, 1995, the Commonwealth moved to withdraw the two drug charges and amend the complaint to charge defendant with the lesser offense of disorderly conduct under the Crimes

Code, 18 Pa.C.S. §5503. The motion was granted and at the conclusion of testimony, he was found guilty of disorderly conduct and sentenced to 10 days in jail, a period of time he had already served.

On appeal, defendant first asserts the court erred in permitting the Commonwealth to amend the complaint at trial from two misdemeanor drug offenses to a lesser summary offense.

The purpose of not permitting amendment of a complaint at trial is to assure that an accused receives proper notice of the charges against him and to assure that he has time to adequately prepare a defense. An accused cannot be prejudiced by the last minute amendment of charges contained in a criminal complaint. *Commonwealth v. Jones,* 250 Pa. Super. 471, 378 A.2d 1245 (1977). In the instant case, a review of the record establishes that the testimony of both the prosecution witnesses and the defendant would have been identical whether the charges involved drug violations or disorderly conduct. (T 4-8.) Defendant's own testimony clearly establishes that he was prepared to defend against the charge of disorderly conduct. Furthermore, the withdrawal of the misdemeanor charges against him in favor of a single summary offense was certainly not prejudicial. Under the circumstances, the court properly exercised its discretion in permitting the Commonwealth's motion to amend the complaint.

Secondly, defendant claims the evidence was insufficient to support a finding of guilt to the charge of disorderly conduct. Specifically, he was found guilty of section 5503(2) of the Crimes Code, 18 Pa.C.S. §5503(2), which states: "A person is guilty of disorderly conduct if, with the intent to cause a public inconvenience . . ., he makes unreasonable noise." At trial, the attorney for the Commonwealth entered a summary of the uncontested facts of the offense as follows:

*"Attorney Lackatos:* Officer Marnich would testify on October 31, 1994, at about quarter—15 minutes after midnight on that date at the intersection of Island and Chartiers Avenue, McKees Rocks, Allegheny County, he observed a silver Buick that was stopped there at the traffic light. Officer Marnich pulled up to the left side of the vehicle. It was an unmarked police car. There were other officers in a police vehicle that was stopped directly behind this silver Buick. And Officer Marnich looked over to his right, saw the operator of that vehicle, a Daniel T. Scott, raise what Officer Marnich would describe as a crack pipe, an aluminum pipe to his lips.

"At about that time he heard this defendant, Michael Matthews, who was the passenger in that vehicle, yelling very loudly as a warning to Mr. Scott that the police are right behind him. Well, there was some yelling or arguing back and forth between the passengers of the vehicle about where the police were." (T 4-5.)

Officer Marnich then took the stand for cross-examination by defense counsel:

"Q. And with regards to the charge of disorderly conduct, that is based on the fact—you know Mr. Matthews?

"A. For numerous years.

"Q. And it is your belief that Mr. Matthews recognized you and told Mr. Scott, 'There's the police'?

"A. No. Mr. Matthews was pointing directly back at the marked patrol car directly behind his vehicle, which would have been Officer Hall, screaming at Mr. Scott the police were right behind him. Mr. Scott, who was looking at Matthews—I was next to him. I was right next to his window—

"Q. So you were able to hear him?

"A. I heard Scott yelling at Matthews that I was next to him.

"Q. And that's your basis for the disorderly?

"A. Yes." (T 6-7.)

Clearly, the evidence presented at trial established that defendant was making unreasonable noise with the intent to cause public inconvenience.

For the reasons stated herein, defendant's appeal should be denied.